| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY** | |
| Thaddeus R. Maciag, Esq.<br>MACIAG LAW, LLC<br>475 Wall Street<br>Princeton, New Jersey 08540<br>(908) 704-8800<br>*Proposed Attorney for the Debtors* | Order Filed on September 30, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>ProPhase Diagnostics NJ, Inc.,<br><br>　　　　　　　　　Debtor. | Case No.: 25-19833-CMG<br>Chapter 11<br>Judge: Gravelle |
| In re:<br><br>ProPhase Diagnostics NY, Inc.,<br><br>　　　　　　　　　Debtor. | Case No.: 25-19834-CMG<br>Chapter 11<br>Judge: Gravelle |
| In re:<br><br>ProPhase Diagnostics, Inc.,<br><br>　　　　　　　　　Debtor. | Case No.: 25-19836-CMG<br>Chapter 11<br>Judge: Gravelle |

**ORDER DIRECTING JOINT ADMINISTRATION OF CASES
AND AUTHORIZING FILING OF CONSOLIDATED CREDITOR MATRIX**

The relief set forth on the following pages, numbered (2) through (4), is hereby **ORDERED:**

**DATED: September 30, 2025**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

Upon the motion/application of the above-captioned Debtors for entry of an Order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, directing the joint administration of the above-captioned cases for procedural purposes only, and for good cause shown,

IT IS HEREBY ORDERED THAT:

1. The Motion is Granted as set forth herein.

2. The Debtors' Chapter 11 Cases shall be consolidated for procedural purposes only and shall be jointly administered in accordance with the provisions of Bankruptcy Rule 1015.

3. The Clerk of the Court shall maintain one file and one docket for all of the Debtors' Chapter 11 Cases, and case number 25-18333-CMG (the "Lead Case") shall be designated as the lead case with the case caption to be as set forth in paragraph 6 below,

4. All original pleadings shall be captioned as indicated in paragraph 6 of this Order, and the Clerk of the Court shall make docket entries in the dockets of each of the Chapter 11 cases to reflect the Joint Administration of these cases. The Clerk shall file a copy of this Order in the Lead Case and each of the affiliated Debtor cases.

5. The Debtors shall file individual Monthly Operating Reports for each Debtor and such reports shall be filed in the Lead Case.

6. All pleadings in the Debtors' cases shall bear a consolidated caption in the following form:

| In re: | Case No.: 25-19833-(CMG) |
|---|---|
| ProPhase Diagnostics NJ, Inc., *et al.*, | Chapter 11 |
| | Judge: Gravelle |
| \Debtors. | (Jointly Administered) |

7. Nothing contained in this Order or in the Motion is intended or shall be deemed or otherwise construed as directing or otherwise effecting a substantive consolidation of the Debtors' estates.

8. All lists, schedules and statements shall be filed and docketed in the specific case to which they are applicable.

9. Any party in interest may request joint hearings on matters pending in any of the Chapter 11 Cases.

10. If pleadings, papers or documents have been filed in any of the above-captioned cases other than the Lead Case prior to the entry of this Order, and those matters have not yet been heard and decided, the party who filed the pleading, paper, or document shall (I) re-file the pleadings, paper or document in the Lead Case within three (3) business days of the entry of this Order, (ii) set the pleading, paper or document for hearing before the judge assigned to the Lead Case and (iii) notice the hearing to all appropriate parties.

11. The Debtors are authorized, but not directed, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1007(d), and Local Rule 1007-1, to submit a Consolidated Creditor Matrix; provided that if any of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, each applicable Debtor shall file its own separate mailing matrix and provide the Clerk's office with the mailing matrix within fourteen (14) days of such conversion.

12. The Debtors are authorized, on an interim basis, to file a single consolidated list of their creditors, excluding insiders.

13. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived by entry of this Order.

14. Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

15. This Order shall be effective immediately upon entry.

16. A true copy of this Order shall be served on all required parties pursuant to Local Rule 9013-5(f).

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

18. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

#  #  #